IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM DOSHIER and<br>MANDY ALLEN,<br><br>    Plaintiffs,<br><br>vs.<br><br>ACE TRANSPORTATION, LLC;<br>JAMES ZELTON BELLAMY, JR. and<br>ZURICH AMERICAN INSURANCE<br>COMPANY,<br><br>    Defendants. | Case No. CIV-10-816-M |

## ORDER

Before the Court is plaintiff Will Doshier's ("Doshier") Application for Hearing for Order Compelling Medical Lien Holders to Sign Settlement Drafts and Distribution of Attorney Fees and Costs to Plaintiff's Counsel, filed January 27, 2012. On February 27, 2012, the Court held a hearing on Doshier's application. As directed by the Court during the hearing, on March 1, 2012, Doshier filed the following documents under seal: (1) the confidential settlement agreement and release, (2) the settlement funds distribution sheet, (3) the Brady, Schaulat & Falsetti contingency fee contract, (4) the James Dunn contingency fee contract, and (5) Doshier's itemization of liens and proposed distribution. On March 9, 2012, the Medical Lien Holders[1] filed their response in opposition, and on March 16, 2012, Doshier filed his reply. On March 30, 2012, the Medical Lien Holders filed their supplemental brief. Based upon the parties' submissions and the evidence presented at the hearing, the Court makes its determination.

---

[1] The Medical Lien Holders are the following medical providers: (1) Community Hospital, (2) Oklahoma Interventional Pain Management, (3) American Intraoperative Monitoring, (4) Dr. Lankike Abeyewardene, M.D., (5) Dr. Kim King, D.O., (6) Mobile Radiology Services, and (7) Oklahoma Spine Surgery & Orthopedics.

This matter was set on the Court's August 2011 trial docket. Prior to trial, the parties settled the case. Doshier's prior attorney asserted an attorney fee lien on the settlement proceeds, and that lien was resolved on October 21, 2011. The total amount of the settlement with Doshier is not sufficient to pay his prior attorney's lien, his current attorneys' fees and costs, and the medical liens held by the Medical Lien Holders. Doshier's counsel attempted to resolve the medical liens by apportioning their liens relative to the total medical liens. The Medical Lien Holders, however, do not agree with the apportionment and have refused to agree to sign the settlement checks provided by defendants, pending resolution of the medical liens.

Doshier now moves this Court to compel the Medical Lien Holders to sign the settlement checks and to apportion the medical liens amongst the Medical Lien Holders. The Medical Lien Holders assert that Doshier's current attorneys' fees and resulting lien are unreasonable and request the Court to find that the Medical Lien Holders are entitled to a portion of the settlement proceeds sufficient to satisfy their liens in full.[2]

Okla. Stat. tit. 42, § 43 provides:

> A. Every hospital in this state, which shall furnish emergency medical or other service to any patient injured by reason of an accident not covered by the Workers' Compensation Act, shall, if such injured party shall assert or maintain a claim against another for damages on account of such injuries, have a lien upon any recovery or sum had or collected or to be collected by such patient, or by his or her heirs, personal representatives or next of kin in the case of his or her death, whether by judgment or by settlement or compromise to the amount of the reasonable and necessary charges of such hospital for the treatment, care and maintenance of such patient in

---

[2]Based upon their response and the arguments made at the hearing, the Medical Lien Holders do not dispute the reasonableness of Doshier's prior attorney's lien. The Medical Lien Holders attribute all of the failures in Doshier's case to his current attorneys and none to his prior attorney. The evidence presented and the court file in this case, however, do not support such an attribution.

> such hospital up to the date of payment of such damages.  <u>Provided, however, the lien shall be inferior to any lien or claim of any attorney or attorneys for handling the claim on behalf of such patient, his or her heirs or personal representatives</u>; provided, further, that the lien herein set forth shall not be applied or considered valid against any claim for amounts due under the Workers' Compensation Act in this state.
>
> B.  This section shall apply, in medically referred cases, to a medical diagnostic imaging facility not affiliated with a hospital that provides diagnostic imaging that includes, but is not limited to, modalities such as Magnetic Resonance Imaging (MRI), Computed Tomography (CT) and Positron Emission Tomography (PET).

Okla. Stat. tit. 42, § 43 (emphasis added).  Okla. Stat. tit. 42, § 46 provides, in pertinent part:

> A.  Every physician who performs medical services or any other professional person who engages in the healing arts, within their scope of practice pursuant to Title 59 of the Oklahoma Statutes for any person injured as a result of the negligence or act of another, shall, if the injured person asserts or maintains a claim against such other person for damages on account of such injuries, have a lien for the amount due for such medical or healing arts services upon that part going or belonging to the injured person, or by the heirs, personal representative, or next of kin of the injured person in the event of his death, whether by judgment, settlement, or compromise.  <u>Such lien shall be inferior to any lien or claim of any attorney handling the claim for or on behalf of the injured person.</u>  The lien shall not be applied or considered valid against any claim for amounts due pursuant to the provisions of Title 85 of the Oklahoma Statutes.

Okla. Stat. tit. 42, § 46 (emphasis added).

The Oklahoma Supreme Court has interpreted the above statutes as follows:

> The statute provides that if the injured party asserts or maintains a claim against the tortfeasor because of injuries incurred, the [medical provider] shall have a lien "upon that part going or belonging to such patient of any recovery or sum had or collected or to be collected," with the proviso that the [medical provider] lien is inferior to any lien or any claim of the attorney handling the matter for the patient. . . . Consequently, the part "going or belonging" to the patient is the part remaining after the fee of the lawyer is deducted.

3

*Vinzant v. Hillcrest Med. Ctr.*, 609 P.2d 1274, 1277 (Okla. 1980).

Having carefully reviewed the parties' submissions, having heard the evidence and argument presented at the hearing, and having reviewed Oklahoma law, the Court finds that the Medical Lien Holders have liens only upon that portion of the settlement remaining after Doshier's prior attorney's lien and Doshier's current attorneys' fees and costs are deducted. The Court further finds that under Oklahoma law, the reasonableness of an attorney's fees/lien is not at issue when determining the priority of liens under Okla. Stat. tit. 42, §§ 43, 46, which is the only matter which the Court must determine in ruling on Doshier's application. Accordingly, the Court finds that Doshier's current attorneys are entitled to their fees and costs from the settlement amount prior to any payment to the Medical Lien Holders. The Court, therefore, finds that the Medical Lien Holders should be required to sign the settlement checks.

As to the apportionment among the Medical Lien Holders of the amount of the settlement remaining, the Court finds that it would be premature at this time to rule on this issue. In their briefs and arguments, the Medical Lien Holders solely focused on the issue of whether Doshier's current attorneys' fees should be reduced and whether the Medical Lien Holders are entitled to the full amount of their liens. The Medical Lien Holders never addressed the proper apportionment of the remaining settlement amount if Doshier's current attorneys' fees were not reduced and the remaining amount was less than the total of all medical liens. Because this issue has not been briefed, and because the Court believes that the Medical Lien Holders likely may be able to resolve this issue among themselves, the Court directs Doshier's current attorneys, Louis P. Falsetti and Michael H. Brady, to place the amount remaining after payment of Doshier's prior attorney's lien and Doshier's

current attorneys' fees and costs in their firm's trust account to be distributed to the Medical Lien Holders once they reach an agreement as to how the amount shall be apportioned.[3]

Accordingly, the Court GRANTS IN PART and DENIES IN PART Doshier's Application for Hearing for Order Compelling Medical Lien Holders to Sign Settlement Drafts and Distribution of Attorney Fees and Costs to Plaintiff's Counsel [docket no. 119] as follows:

(1) The Court hereby ORDERS the Medical Lien Holders to sign the settlement checks, and

(2) The Court FINDS any apportionment among the Medical Lien Holders of the remaining settlement funds is premature at this time and ORDERS Doshier's current attorneys, Louis P. Falsetti and Michael H. Brady, to place the amount remaining after payment of Doshier's prior attorney's lien and Doshier's current attorneys' fees and costs in their firm's trust account to be distributed to the Medical Lien Holders once they reach an agreement as to how the amount shall be apportioned.

**IT IS SO ORDERED this 10th day of April, 2012.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] If an agreement can not be reached, Doshier's current attorneys may interplead the funds into this Court for a determination of the apportionment issue.