# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

WILLIAM DOSHIER and          )
MANDY ALLEN,                 )
                             )
          Plaintiffs,        )
                             )
vs.                          )      Case No. CIV-10-816-M
                             )
ACE TRANSPORTATION, LLC;     )
JAMES ZELTON BELLAMY, JR., and )
ZURICH AMERICAN INSURANCE    )
COMPANY,                     )
                             )
          Defendants.        )

## ORDER

Before the Court is plaintiff William Doshier's Counsel's ("Counsel") Motion for Attorney Fees and Incorporated Brief, filed April 24, 2012. On May 4, 2012, the Medical Lien Holders[1] filed their response, and on May 8, 2012, Counsel filed their reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiffs filed the instant action against defendants as a result of a motor vehicle accident. Prior to trial, the parties settled the case. Plaintiffs' prior attorney asserted an attorney fee lien on the settlement proceeds, and that lien was released. The total amount of the settlement with plaintiff William Doshier was not sufficient to pay his prior attorney's lien, Counsel's fees and costs, and the medical liens held by the Medical Lien Holders.

Counsel attempted to resolve the medical liens by apportioning the liens relative to the total medical liens. The Medical Lien Holders, however, did not agree with the apportionment and

---

[1]The Medical Lien Holders are Community Hospital, Oklahoma Interventional Pain Management, American Intraoperative Monitoring, Dr. Lankike Abeyewardene, M.D., Dr. Kim King, D.O., Mobile Radiology Services, and Oklahoma Spine Surgery & Orthopedics.

refused to agree to sign the settlement checks provided by defendants, pending resolution of the medical liens. Plaintiff William Doshier ("Doshier") moved the Court to compel the Medical Lien Holders to sign the settlement checks and to apportion the medical liens amongst the Medical Lien Holders. On April 10, 2012, the Court granted in part Doshier's application, ordered the Medical Lien Holders to sign the settlement checks, and ordered Counsel to place the amount of the settlement remaining after payment of Doshier's prior attorney's lien and Counsel's attorneys' fees and costs in their firm's trust account to be distributed to the Medical Lien Holders once they reach an agreement as to how the amount shall be apportioned.

Counsel now moves this Court, pursuant to Okla. Stat. tit. 42, § 176, for an award of Counsel's attorney fees incurred in relation to Doshier's application to compel the Medical Lien Holders to sign the settlement checks. Section 176 provides:

> In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action.

Okla. Stat. tit. 42, § 176.

Counsel asserts that the application to compel was filed because the Medical Lien Holders refused to sign the settlement checks and refused to recognize the priority of Counsel's lien over their individual liens pursuant to Okla. Stat. tit. 42, §§ 43, 46. Counsel further asserts that the Medical Lien Holders filed their brief asserting, among other things, that their liens were superior to Counsel's claim and that their liens should be enforced in full. Counsel contends such assertions clearly bring this matter within the gambit of § 176. Counsel further contends that they are the prevailing party with respect to the priority of the liens for purposes of an award of attorney fees under § 176 because the Court's order was an affirmative judgment in their favor.

2

In their response, the Medical Lien Holders assert that Counsel's motion should fail for two reasons: (1) the subject of the litigation was not to enforce a lien, and (2) no judgment was rendered to a prevailing party. Specifically, the Medical Lien Holders contend that plaintiff did not bring a lien foreclosure action but requested a declaration for specific performance (compelling the Medical Lien Holders to sign the settlement checks). The Medical Lien Holders further contend that they never disputed the priority of the liens, only the reasonableness of the fee. Finally, the Medical Lien Holders assert that Counsel is not the prevailing party of a lien foreclosure action because the requested and granted relief in this case was not a foreclosure of a lien but was an order for the medical providers to sign the settlement drafts.

Having carefully reviewed the parties' submissions, as well as the pleadings submitted, and the testimony given, in relation to Doshier's application to compel, the Court finds that Counsel is not entitled to an award of attorney fees. Specifically, the Court finds that Doshier's application to compel was not "an <u>action</u> brought to enforce [a] lien." Counsel did not file a separate action to enforce their lien in relation to the settlement. Doshier, not Counsel, filed an application to compel the Medical Lien Holders to sign the settlement checks. This application to compel and all related proceedings were simply a collateral matter in relation to the settlement of the underlying negligence action. Further, in their filings, the Medical Lien Holders did not dispute that attorney's liens enjoy priority over medical liens but made the equitable argument that Counsel's attorney fee was unreasonable and this Court should reduce the attorney fee and resulting lien to a reasonable amount, sufficient to satisfy the medical liens in full. Finally, the Court finds that its April 10, 2012 Order granting in part Doshier's application to compel and ordering the Medical Lien Holders to sign the settlement checks is not a judgment rendered to a prevailing party.

Accordingly, the Court DENIES Counsel's Motion for Attorney Fees [docket no. 134].

**IT IS SO ORDERED this 26th day of July, 2012.**


VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE